

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ASAD RIZVI**<br>Assistant Corporation Counsel<br>Phone: (212) 788-6838<br>Fax: (212) 788-8877<br>E-mail: arizvi@law.nyc.gov |
|---|---|---|

December 16, 2011

**VIA ECF**
Hon. Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>Jennette Suarez and Jerry Mascolo v. The City of New York and
                AlliedBarton Security Services LLC</u>, 11-CV-5812 (SLT)(JMA)

Dear Judge Townes:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent defendant The City of New York ("City") in the above-referenced action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and The New York City Human Rights Law ("NYCHRL"). Pursuant to Your Honor's Individual Motion Practices & Rules, I write to respectfully request a pre-motion conference concerning the City's anticipated partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      Plaintiffs, Jennette Suarez and Jerry Mascolo, were formerly employed as deckhands on the Staten Island Ferry, a vessel owned and operated by the New York City Department of Transportation. As detailed in their complaint, plaintiffs allege that they were subjected to discrimination and retaliation in violation of Title VII and NYCHRL.

      Prior to the instant action, both plaintiffs filed administrative complaints with the New York State Division of Human Rights ("SDHR") in connection with the foregoing claims. Following a thorough investigation, the SDHR issued a "no probable cause" determination with respect to Suarez's sex discrimination claim (SDHR Case No. 10146234) <u>and</u> her retaliation claim (SDHR Case No. 10149419). Accordingly, SDHR ordered her complaints dismissed.[1]

---

[1] The other plaintiff, Mascolo, chose to voluntarily dismiss his pending discrimination claim (SDHR Case No. 10145482) and retaliation claim (SDHR Case No. 10148081) for administrative convenience pursuant to New York State Executive Law §297(3)(c), allowing him to pursue his NYCHRL claims in federal court. The City did not oppose plaintiff Mascolo's request and on December 2, 2011, SDHR Administrative Law Judge Migdalia Pares issued a Recommended Order of Dismissal for Administrative Convenience ("Recommended Order"). On December 6, 2011, SDHR Commissioner Galen D. Kirkland adopted and issued the Recommended Order.

The City seeks to dismiss plaintiff Suarez's NYCHRL claims as they are barred by the doctrine of election of remedies. See NYC Admin Code §8-502(a). Under the governing statute:

> "…any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title or by an act of discriminatory harassment or violence as set forth in chapter six of this title shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate, **unless such person has filed a complaint….with the state division of human rights** with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence."

See NYC Admin Code §8-502(a) (emphasis added). As such, Suarez is barred from litigating her NYCHRL claims in the instant federal forum because of her election of remedies with the SDHR. See Benjamin v. New York City Dep't of Health, 144 Fed. Appx. 140, 142 (2d Cir. 2005)("The District Court subsequently held…that her analogous state and city claims were barred by applicable election of remedies provisions because they were based on the same 'alleged conduct' as her administrative race discrimination claim.")(citing NYC Admin Code §8-502[a]); see also Higgins v. NYP Holdings, Inc., 2011 U.S. Dist. LEXIS 140607 (S.D.N.Y. Dec. 7, 2011)("claimant's SDHR complaint addressing the same incident, and that results in a finding of no probable cause, procedurally bars the claimant from relief under the NYCHRL")(citing Vargas v. Morgan Stanley, 2011 U.S. App. LEXIS 18740 (2d Cir. 2011).

Accordingly, the City seeks leave to file a motion to dismiss plaintiff Suarez's NYCHRL claims pursuant to Federal Rule 12(b)(6). Thank you for your consideration of this letter.

Respectfully submitted,
/s/
Asad Rizvi
Assistant Corporation Counsel

cc:  **Michael G. O'Neill, Esq.**
30 Vesey Street, Third Floor
New York, New York 10007

**Howard S. Shafer, Esq.**
Shafer Glazer, LLP
90 John Street, 6th Floor
New York, New York 10038